IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ASHLEE WHITE and**
**DREQUAN MACON**                                                                    **PLAINTIFFS**

**VS.**                                         **4:20-CV-01094-BRW**

**JIM DAVIS,** *et al.*                                                                 **DEFENDANTS**

## ORDER

Pending are Plaintiffs' Motions to Proceed *In Forma Pauperis* (Doc. Nos. 1 & 2).  Their motions are GRANTED.  However, I have screened the complaint, and find that the case must be STAYED at this time.[1]

A court may dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[2]  A complaint fails to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3]  A complaint may be dismissed before service of process and without leave to amend.[4]  Although *pro se* complaints are to be liberally constructed, "they still must allege sufficient facts to support the claims advanced."[5]

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] See *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*).

[3] *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982) (*per curiam*).

[4] *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998).

[5] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In their Complaint, the Plaintiffs allege that, in mid-August 2020, they were served with a Notice of Compliance[6] issued by the City of Horseshoe Bend.  Roughly ten days later, Plaintiffs were served with "summons with allegations of criminal charges" directing them to appear for court on September 1, 2020.[7]  It is unclear whether the summonses were related to the Notice of Compliance.  Regardless, Plaintiffs allege that on September 1, 2020, they appeared at the Horseshoe Bend District Court, where they were "chased" by several of the named defendants, physically detained, handcuffed, and brought back to court.[8]  Both Plaintiffs were released and directed to return to court on November 3, 2020.[9]

Plaintiffs bring this suit under 42 U.S.C. § 1983 stating claims for unlawful arrest, excessive force, unlawful seizure of property, conspiracy, and violations of due process.[10]  However, I cannot exercise jurisdiction at this time.  Under the *Younger* Abstention Doctrine, a federal court must abstain from exercising jurisdiction over a case when (1) there are pending state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.[11]  When these criteria are met, "a district court must dismiss the federal action . . . ."[12]  Plaintiffs concede that

---

[6] Plaintiffs do not explain the Notice of Compliance, but the Court assumes is was a civil directive regarding property issues since it was issued by the City.

[7] Doc. No. 3 at 12.

[8] *Id*. at 13.

[9] *Id*. at 14.

[10] *Id*. at 11.

[11] *Younger v. Harris*, 401 U.S. 37, 43 (1971).

[12] *Geier v. Missouri Ethics Comm.*, 715 F.3d 674, 678 (8th Cir. 2013).

they are facing pending criminal charges and ordered to appear on those charges in November 2020. Accordingly, I may not interfere in ongoing-state proceedings and must abstain from hearing this case at this time.

For the reasons set out above, this case is STAYED. Plaintiffs are directed to file a motion to lift stay once the state-court case is resolved. If the state court case is not resolved in six months, Plaintiffs must file a status report by 5:00 p.m., Monday, March 15, 2021. Failure to file a status report may result in dismissal for failure to prosecute.

IT IS SO ORDERED this 14th day of September, 2020.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE