**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ASHLEE WHITE and DREQUAN MACON** **PLAINTIFF**

**VS.** **4:20-CV-001094-BRW**

**JIM DAVIS, *ET AL.*** **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion for Judgment on the Pleadings as to certain defendants (Doc. No. 111). Plaintiffs have responded.[1] For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND[2]

On August 15, 2020, two officers served Plaintiffs with a notice of compliance from Horseshoe Bend, Arkansas. According to Plaintiffs, the notice should not have been delivered to them because they did not own the property at issue. On August 24, 2020, Steve Davidson, accompanied by other law enforcement officers, served Plaintiffs a notice of a September 1, 2020 court date. Jim Davis told Plaintiff Drequan White that he would stop back by later that day to talk to them. When Mr. Davis returned, he and Plaintiffs debated an officer's authority to arrest people.

On August 26, 2020, Plaintiff Ashlee White provided a motion to dismiss for lack of jurisdiction to the "Izard County's Sheriff's Office addressed to the Chief of Police" and to Judge David Miller. The next day, she delivered the same document to Victoria Bigness, to file "on the record of The City Court of Horseshoe Bend." Plaintiffs' notices contested jurisdiction

---

[1]Doc. No. 129.

[2]All of the Background is taken from Plaintiffs' Third Amended Complaint and taken as true in considering the pending motion.

and complained about alleged irregularities in the summonses and notice. But, that's not an issue for this court.

On August 31, 2020, Ms. White went to the Administrative Office of the City of Horseshoe bend to inquire whether a prosecutor had submitted documents regarding her case. Ms. Michelle Grabowski advised Ms. White that nothing had been filed. When Ms. White asked again the next date, Ms. Grabowski again told her that nothing had been filed.

When Plaintiffs reported for court, Sherry Davidson, Jack Yancey, and David Miller told them to put on masks and have their temperature taken. When Plaintiffs expressed that they were not comfortable with the temperature checks and masks, David Miller told them if they left, they would be arrested for failure to appear. Plaintiffs decided to leave. At that point, they were "chased by Craig Huckaby and multiple law enforcement offices; including Jim Davis, Jack Yancey, Sherry Davison, Charles Melton, Gabriel Sanders, and City personnel that couldn't be identified."[3] Plaintiffs allege that Sherry Davidson handcuffed Ms. White, and Mr. Melton slammed her on her stomach. Mr. Macon resisted arrest, so Mr. Sanders choked him to the ground, aided by Mr. Davis, Ms. Davidson, Mr. Huckaby, and Mr. Yancey.

## II. JUDGMENT ON THE PLEADINGS STANDARD

When deciding a motion for judgment on the pleadings,[4] the "court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor."[5] A court may grant a motion for

---

[3] *Id.*

[4] A motion for judgment on the pleading, under FRCP 12(c) and 12(b)(6) require the same review from a court. See *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

[5] *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."[6]

## III. DISCUSSION

Defendants assert that Victoria Bigness, Craig Huckaby, Michelle Grabowski, and the City of Horseshoe Bend must all be granted judgment on the pleadings.

The allegations against Ms. Bigness and Ms. Grabowski fail because neither is alleged to have done anything that violated Plaintiffs' rights. Ms. Bigness filed a document for Plaintiff and Ms. Grabowski answered two inquiries from Ms. White.

As for the City of Horseshoe Bend, Plaintiffs make no allegations that would subject it to liability.

Defendants also assert no cause of action has been stated against Craig Huckaby. However, according the complaint, "Gabriel Sanders then choked Drequan Macon to the ground and handcuffed him, with the assistance of . . . .Craig Huckaby."[7] At this point, and without more information, this allegation is sufficient to state a claim for excessive force.

Finally, Defendant Bradley Sipe must be dismissed because he is not named in the Third Amended Complaint.

## CONCLUSION

For the above reasons, Defendants' Motion for Judgment on the Pleadings as to certain defendants (Doc. No. 111) is GRANTED IN PART and DENIED IN PART. Defendants Victoria Bigness, Michelle Grabowski, Bradley Sipe, and City of Horseshoe Bend are DISMISSED. All other requested relief is DENIED.

---

[6] *Id.*

[7] Doc. No. 129.

As alleged in the Third Amended Complaint, the following possible claims remain: (1) excessive force against Mr. Charles Melton for allegedly slamming Ms. White on her stomach while she was cuffed and knowing she was pregnant; and (2) excessive force against Mr. Gabriel Sanders, who allegedly choked Mr. Macon while arresting him and Mr. Jim Davis, Ms. Sherry Davidson, Mr. Craig Huckaby, and Mr. Jack Yancey, who allegedly aided Mr. Sanders during Mr. Macon's arrest.

IT IS SO ORDERED this 21st day of July, 2022.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE